UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
JOSE ENRIQUEZ, on behalf of himself, individually,
and all similarly situated employees,                                    Docket No.:

                          Plaintiff,

          -against-                                              **COMPLAINT**

LOU TAGE INC. d/b/a ROBKE'S COUNTRY INN,
LOUIS SELVAGGIO and LOUIS SELVAGGIO, JR.,

                         Defendants.
----------------------------------------------------------------------X

       Plaintiff, JOSE ENRIQUEZ, on behalf of himself, individually, and all other similarly situated persons, by and through his counsel, the Law Office of Peter A. Romero PLLC, complaining of the Defendants, LOU TAGE INC. d/b/a ROBKE'S COUNTRY INN, LOUIS SELVAGGIO and LOUIS SELVAGGIO, JR. (collectively as "Defendants"), allege as follows:

### NATURE OF THE CLAIM

       1.     Plaintiff brings this action to recover unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the New York Labor Law, Articles 6 and 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. § 142 ("NYLL"), to recover unpaid minimum wages under the FLSA and NYLL, unlawfully retained tips and gratuities under the NYLL, for failure to pay spread of hours compensation under the NYLL and 12 N.Y.C.R.R. § 146-1.6, unpaid wages stemming from Defendants' failure to pay Plaintiff wages for all hours worked at his agreed upon rates of pay under the NYLL, for failure to issue timely payment of wages pursuant to NYLL § 191, for failure to furnish accurate wage statements for each pay period under NYLL § 195(3), for failure to provide a wage notice upon

his hire under NYLL § 195(1), for unjust enrichment under New York common law, and any other claim(s) that can be inferred from the facts set forth herein.

2.      Plaintiff brings this lawsuit against the Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other similarly-situated persons during the applicable FLSA limitations period who suffered damages as a result of the Defendants' willful violations of the FLSA.  Plaintiff brings his claims under the NYLL and under New York common law on behalf of himself, individually, and on behalf of any FLSA Collective Action Plaintiff, as that term is defined below, who opts-in to this action.

3.      Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable limitations periods who suffered damages as a result of the Defendants' violations of the NYLL and the supporting New York State Department of Labor regulations and violations of New York common law.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this action arises under 29 U.S.C. § 201, *et seq*. and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the claims occurred within the Eastern District of New York.

## THE PARTIES

6.     At all relevant times, Plaintiff JOSE ENRIQUEZ ("Plaintiff" or "Enriquez") is a resident of the County of Nassau, State of New York.

7.     At all relevant times, Plaintiff Enriquez was an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e) and NYLL § 190(2), (4).

8.     At all relevant times, Defendant LOU TAGE INC. d/b/a ROBKE'S COUNTRY INN ("Lou Tage") is and was a domestic business corporation with its principal place of business at 427 Fort Salonga Road, Northport, New York 11768.

9.     At all relevant times, Defendant Lou Tage was subject to the requirements of the FLSA because it had annual gross revenue of at least $500,000, was engaged in interstate commerce and had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, including but not limited to use of food and ingredients, kitchenware, utensils, cleaning supplies, office supplies, receipt papers, pens, and paper, all of which undoubtably traveled in interstate commerce, and accepted payment from credit card machines and other moneys that originate from out of New York State.

10.     At all relevant times, Defendant Lou Tage was and is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d) and NYLL § 190(3).

11.     At all relevant times, Defendant LOUIS SELVAGGIO, is and was an owner and officer of the corporate defendant and was active in the day to day management of the corporate defendant, including the payment of wages to the Plaintiff and determining what wages were paid to Plaintiff, scheduling and hours worked, had the power to hire, fire and discipline employees and approve all personnel decisions, was responsible for maintaining personnel records relating to

Plaintiff's employment, and is liable to Plaintiff as an "employer" within the meaning of the FLSA and NYLL.

12.    At all relevant times, Defendant LOUIS SELVAGGIO, JR., is and was an owner of the corporate defendant and was active in the day to day management of the corporate defendant, including the payment of wages to the Plaintiff and determining what wages were paid to Plaintiff, scheduling and hours worked, had the power to hire, fire and discipline employees and approve all personnel decisions, was responsible for maintaining personnel records relating to Plaintiff's employment, and is liable to Plaintiff as an "employer" within the meaning of the FLSA and NYLL.

## **FACTS**

13.    Defendants are a company and its owners that serve Italian cuisine and steakhouse fare at its restaurant, located at 427 Fort Salonga Road, Northport, New York 11768.

14.    Plaintiff commenced his employment in or about January 2020 as a server, a position that he held until on or about March 7, 2021.

15.    From the beginning of his employment until in or about mid-2020 during the period of the Covid-19 pandemic, Plaintiff regularly worked four or more days per workweek. During this period, Plaintiff regularly worked on Monday, Tuesday, Wednesday and Saturday from 10:30 a.m. until 11:00 p.m., or sometimes later, without being afforded a meal break. During certain weeks during this period, Plaintiff worked additional workdays from 3:00 p.m. until between 11:00 p.m. and 12:00 a.m., without being afforded a meal break. Accordingly, during this period, Defendants required Plaintiff to work, and Plaintiff did regularly work, 50 or more hours each workweek.

4

16.     From in or about mid-2020 during the period of the Covid-19 pandemic until the end of his employment, Plaintiff regularly worked four or more days per workweek. During this period, Plaintiff regularly worked on Monday, Tuesday, Wednesday and Saturday from 10:30 a.m. until 10:00 p.m., or sometimes later, without being afforded a meal break. During certain weeks during this period, Plaintiff worked additional workdays, without being afforded a meal break. Accordingly, during this period, Defendants required Plaintiff to work, and Plaintiff did regularly work, 46 or more hours each workweek.

17.     Throughout his employment, Defendants paid Plaintiff an hourly rate of pay. However, Defendants took a tip credit deduction for each hour that Plaintiff worked and consequently paid him at a reduced hourly rate of pay below the NYLL minimum wage as a tipped employee.

18.     Throughout his employment, Defendants failed to provide Plaintiff with compliant written notice under the NYLL, or compliant notice under the FLSA, that Defendants were claiming a tip credit toward the statutory minimum wage for his hours paid at a tipped rate.

19.     During their employment, Defendants paid Plaintiff pursuant to a tip pool arrangement wherein tips and gratuities received from patrons were distributed equally to Plaintiff and certain other employees, including, *inter alia*, servers, bussers, runners, and bar employees.

20.     During his employment, Defendants operated and imposed an unlawful tip pool upon Plaintiff in that Defendants frequently permitted an owner and exempt manager to participate and share in the distribution of tips intended for tipped employees. Specifically, Defendant Louis Selvaggio, Jr. demanded and retained thirty percent of tips and gratuities received through this tip pool. As such, Defendants, through Defendant Louis Selvaggio, Jr., unlawfully retained tips owed

to Plaintiff and other tipped employees, thereby depriving Plaintiff and other tipped employees of compensation due to them, in violation of the FLSA, NYLL and New York common law.

21.     Throughout his employment, Defendants inaccurately recorded the amount of tips and gratuities received by Plaintiff and other tipped employees.

22.     Despite these unlawful practices, throughout his employment, Defendants paid Plaintiff at a reduced tipped rate that was below the statutorily mandated minimum wage rate, in violation of the NYLL.

23.     Throughout his employment, Defendants paid Plaintiff at various hourly rates of pay.  When Plaintiff's weekly pay is converted to his true hourly regular rate of pay by dividing his hours worked by his total weekly earnings, Plaintiff's regular rate of pay often results in an hourly rate of pay below the mandated minimum wage in violation of the FLSA and NYLL.  Thus, as a result of Defendants' unlawful tip pool practices and other unlawful wage practices, including the failure to pay Plaintiff for all hours worked as alleged below, Defendants often failed to pay Plaintiff the statutorily mandated minimum wage rate, in violation of the FLSA and NYLL.

24.     Despite being required to regularly work in excess of forty hours during his workweeks, Defendants paid Plaintiff at an incorrect overtime rate of pay, paying him at less than one and one-half times the applicable minimum wage rate or his proper regular hourly rates of pay, whichever is greater, for his hours worked in excess of forty per workweek, in violation of the FLSA and NYLL.

25.     Throughout his employment, Defendants paid Plaintiff at his applicable hourly rates of pay only for his first ten hours worked per day.  Due to this practice, Defendants failed to pay Plaintiff for all of his hours worked each workweek, instead failing to pay him at any rate of pay for several hours of work each workweek.  Thus, due to Defendants' practice of failing to

compensate Plaintiff for all hours worked, Defendants have deprived Plaintiff of compensation for many hours at his regular, minimum wage or overtime rates of pay, or at his agreed upon rates of pay, during each workweek, in violation of the FLSA, NYLL and New York common law.

26.     Defendants were required to pay Plaintiff and other tipped employees, who qualify as manual workers, weekly and not later than seven calendar days after the end of the week in which the wages were earned.  Because Defendants unlawfully retained tips owed to Plaintiff and other tipped employees and failed to pay him for wages owed by paying him for only his first ten hours of compensation per workday throughout his employment, Defendants failed to pay Plaintiff those wages earned weekly and not later than seven calendar days after the end of the week in which the wages were earned, in violation of NYLL § 191.

27.     Plaintiff also regularly worked daily shifts that exceeded ten hours per day from its start to its finish.  However, Defendants failed to pay Plaintiff spread-of-hours compensation of one additional hour at the applicable minimum wage rate for each workday that exceeded ten hours, in violation of the NYLL.

28.     Defendants failed to provide Plaintiff with a proper notice and acknowledgement of his wage rate upon hire as required by NYLL § 195(1).

29.     Defendants failed to provide Plaintiff with accurate wage statements indicating his correct wages earned, including, *inter alia*, his correct regular and overtime rates of pay, number of regular and overtime hours worked, spread of hours compensation, or correct gross pay, amount of tips received, deductions, or net pay, and which also did not include Defendants' complete address, for each pay period as required by NYLL § 195(3).

30.     Defendants willfully disregarded and purposefully evaded record keeping requirements of the FLSA and NYLL by failing to accurately track and pay Plaintiff in accordance

with his hours worked, failed to pay Plaintiff at his correct overtime rate of pay, intentionally paid Plaintiff for only ten hours of work per workday despite Defendants' knowledge that his hours worked exceeded ten per workday, permitted its owner and manager Defendant Louis Selvaggio, Jr. to retain tips and gratuities from the employee tip pool due to Plaintiff and other tipped employees, and intentionally failed to accurately record tips and gratuities received by Plaintiff and other tipped employees.

31.     Additionally, Defendants Lou Tage Inc. d/b/a Robke's County Inn and Louis Selvaggio have been involved in prior litigation relating to similar issues as those asserted herein. Specifically, in the matter of *Hilda Solis, Secretary of Labor, United States Department of Labor v. Lou Tage, Inc. a/k/a Lou-Tage, Inc. a Corporation d/b/a Robke's Country Inn, and Louis Selvaggio, individually and as owner*, Docket No. 11-cv-06381 (ADS) (ETB) (EDNY), asserted claims for, *inter alia*, failure to pay employees minimum wage and overtime compensation, and failure to make, keep and preserve accurate records of employees' wages and hours worked under the FLSA.

32.     On January 5, 2012, a consent judgement was entered against Defendants Lou Tage Inc. d/b/a Robke's County Inn and Louis Selvaggio for these violations.  That consent judgment directed Defendants Lou Tage Inc. d/b/a Robke's County Inn and Louis Selvaggio to pay damages and penalties relating to these violations, and mandated that they pay proper minimum wage and overtime compensation, and make, keep and preserve accurate records of employee's wages and hours worked as mandated under the FLSA going forward.  As a result, Defendants have had knowledge of their obligations under the applicable wage and hour laws since well before the applicable statutes of limitations for the claims asserted in this matter.  Thus, their violations of

the applicable wage and hour laws are willful, intentional and did not occur as part of a good faith effort to comply with the applicable wage and hour laws.

33.    Defendants treated and paid Plaintiff, Class Members and FLSA Collective Action Plaintiffs in the same or similar manner.

## COLLECTIVE ACTION ALLEGATIONS

34.    At all times relevant, Plaintiff and other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decisions, plans and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing to pay them minimum wage compensation for all hours worked and overtime pay for hours worked in excess of forty (40) hours each week.

35.    Upon information and belief, there are many current and former employees who are similarly situated to the Plaintiff, who have been underpaid in violation of the FLSA.  The named Plaintiff is representative of those other workers and is acting on behalf of the Defendants' current and former employees' interests as well as his own interests in in bringing this action.

36.    Plaintiff seeks to proceed as a collective action with regard to the First and Second Claims for Relief, pursuant to 29 U.S.C. §216(b) on behalf of himself, individually, and the following similarly situated employees:

> All non-exempt persons who are currently, or have been employed by the Defendants as a non-exempt, hourly paid, tipped employee, server, busser, runner or bar employee and/or in a similarly situated position, at any time during the three (3) years prior to the filing of their respective consent forms.

37.    The First and Second Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b).  The FLSA Collective Plaintiffs are

readily ascertainable.  For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants.  These similarly situated employees should be notified of and allowed to opt-into this action pursuant to 29 U.S.C. § 216(b).  Unless the Court promptly issues such a notice, persons similarly situated to the Plaintiff, who have been unlawfully deprived of minimum wage and overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled and which has been unlawfully withheld from them by the Defendants.

## CLASS ACTION ALLEGATIONS

38.    Plaintiff brings the Third through Eleventh Claims for Relief on behalf of himself, individually, and a class of persons under Fed. R. Civ. P. 23 consisting of all persons who are currently, or have been, employed by the Defendants as a non-exempt, hourly paid, tipped employee, server, busser, runner or bar employee and/or in a similarly situated position at any time during the six (6) years prior to the filing of this Complaint through the date of judgment (hereinafter referred to as the "Class" or the "Class Members").

39.    The Class Members are readily ascertainable.  The number and identity of the Class Members are determinable from the records of Defendants.  The hours assigned and worked, the positions held, and rates of pay for Class Member may also be determinable from Defendants' records.  For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants.  Notice can be provided by means permissible under Fed. R. Civ. P. 23.

40.    The proposed Class is so numerous such that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the

calculation of that number rests are presently within the sole control of Defendants, upon information and belief, there are over forty (40) individuals who are currently, or have been, employed by the Defendants as a covered Class Member at any time during the six (6) years prior to the filing of this Complaint.

41.    Defendants have acted and/or have refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

42.    There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

(a)    Whether Defendants failed and/or refused to pay the Plaintiff and Class Members premium overtime compensation at the correct rates of pay for hours worked in excess of forty hours in a single workweek;

(b)    Whether Defendants failed and/or refused to pay the Plaintiff and Class Members the applicable minimum wage rates of pay for their hours worked;

(c)    Whether Defendants failed and/or refused to pay the Plaintiff and Class Members at their applicable agreed upon rates of pay for their hours worked;

(d)    Whether Defendants failed and/or refused to pay the Plaintiff and Class Members spread of hours compensation for each workday where the start and end of their workday exceeded ten hours;

(e)    Whether Defendants failed and/or refused to pay the Plaintiff and Class Members at any rate of pay for certain hours worked during their workweek;

(f)    Whether Defendants failed and/or refused to pay or retained tips and gratuities due to the Plaintiff and Class Members;

(g)    Whether Defendants' pay practices violated the New York common law, in the form of unjust enrichment, with respect to the Plaintiff and Class Members;

(h)    Whether Defendants' pay practices constitute an unlawfully administered tip pool arrangement, invalidating Defendants' right to a take a tip credit against hourly wages;

(i)     Whether Defendants' owner and/or manager participated and/or unlawfully retained tips and gratuities from the tip pool due to the Plaintiff and Class Members;

(j)     Whether Defendants failed to timely pay or remit tips and gratuities and/or other wages to the Plaintiff and Class Members;

(k)     Whether Defendants failed to furnish the Plaintiff and Class Members with a compliant notice of wage rate upon their hire and/or whether such notice was provided in their primary language;

(l)     Whether Defendants failed to furnish the Plaintiff and Class Members with accurate wage statements for each pay period;

(m)     Whether Defendants' general practice of failing and/or refusing to pay Plaintiff and Class Members overtime pay, spread of hours compensation wages at their agreed upon rates of pay, retaining of tips and gratuities, and failure to timely pay certain wages was done willfully and/or with reckless disregard of the state wage and hour laws;

(n)     Whether Defendants took any active steps to ascertain and comply with the state wage and hour laws regarding their payment of wages to Plaintiff and Class Members;

(o)     Whether Defendants failed to keep and maintain true and accurate payroll records, including, *inter alia*, recording all hours worked, compensation received, and amounts of tips and gratuities received, for the Plaintiff and Class Members;

(p)     Whether Defendants' policies, practices, programs, procedures, protocols, and plans regarding keeping and maintaining payroll records complied with the law; and

(q)     What was the nature and extent of the Class-wide injury and the appropriate measure of damages for the class.

43.     Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions.  All of the Class Members were subject to the same corporate practices of Defendants.  Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts

as to each Class Member.  Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

44.    Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class.

45.    Plaintiff has retained counsel competent and experienced in class actions, wage and hour litigation, and employment litigation.

46.    A class action is superior to other available methods for the fair and efficient adjudication of litigation, particularly in the context of wage and hour litigation like the present action, where individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.  The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant savings of these costs.

47.    The members of the Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures.  Although the relative damages suffered by individual Rule 23 Class Members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that may result in inconsistent judgments about Defendants' practices.

48.    Furthermore, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing claims because doing so

can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

## FIRST CLAIM FOR RELIEF
## (FAIR LABOR STANDARDS ACT – UNPAID OVERTIME WAGES)

49.     Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

50.     Defendants employed Plaintiff and persons similarly situated to Plaintiff for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiff and persons similarly situated to Plaintiff for the time worked in excess of forty (40) hours per week at a rate of at least one and one-half times the applicable minimum wage or their proper regular hourly rates or pay, whichever is greater, in violation of the FLSA.

51.     Defendants' violations of the FLSA have been willful and intentional.

52.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

53.     As a result of Defendants' unlawful acts, Plaintiff and persons similarly situated to Plaintiff are entitled to recover overtime compensation in amounts to be determined at trial, liquidated damages, attorneys' fees and costs of this action.

## SECOND CLAIM FOR RELIEF
## (FAIR LABOR STANDARDS ACT – MINIMUM WAGES)

54.     Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

55.    Defendants employed Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, yet willfully failed to pay Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, the applicable minimum wage rate for all hours worked, in violation of the FLSA.

56.    Defendants' violations of the FLSA have been willful and intentional.

57.    Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

58.    Due to Defendants' violations of the FLSA, Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to recover from Defendants unpaid minimum wage compensation, liquidated damages, attorneys' fees, costs of this action, and interest as permitted by law.

**THIRD CLAIM FOR RELIEF**
**(NEW YORK LABOR LAW – UNPAID OVERTIME WAGES)**

59.    Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

60.    Defendants employed Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, for workweeks longer than forty hours and failed to compensate the Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, for hours worked in excess of forty hours per week at a rate of at least one and one-half times the applicable minimum wage or their proper regular hourly rates of pay, whichever is greater, in violation of the NYLL.

61.    By Defendants' failure to pay Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, their correct overtime wages for hours worked in excess

of forty hours per week, Defendants violated the NYLL, Article 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. § 146.

62.     Defendants' violations of the NYLL have been willful and intentional.

63.     Due to Defendants' violations of the NYLL, Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to recover from Defendants unpaid overtime wages, liquidated damages, attorneys' fees, costs of this action, and interest as permitted by law.

**FOURTH CLAIM FOR RELIEF**
**(NEW YORK LABOR LAW – MINIMUM WAGES)**

64.     Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

65.     Defendants employed Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, yet willfully failed to pay Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, the applicable minimum wage rates for all hours worked, in violation of the NYLL and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. § 146.

66.     Defendants' violations of the NYLL have been willful and intentional.

67.     Due to Defendants' violations of the NYLL, Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to recover from Defendants unpaid minimum wage compensation, liquidated damages, attorneys' fees, costs of this action, and interest as permitted by law.

## FIFTH CLAIM FOR RELIEF
## (NEW YORK LABOR LAW – SPREAD OF HOURS VIOLATION)

68.     Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

69.     Defendants failed to pay Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, one additional hour of pay at the basic minimum wage rate for each day their spread of hours exceeded ten in violation of NYLL § 650 *et seq.* and 12 NYCRR § 146-1.6.

70.     Defendants' failure to pay spread-of-hours compensation was willful and intentional.

71.     For the foregoing reasons, Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to recover unpaid spread of hours compensation, liquidated damages, attorneys' fees, costs of this action and interest as permitted by law.

## SIXTH CLAIM FOR RELIEF
## (NEW YORK LABOR LAW – UNLAWFULLY RETAINED TIPS AND GRATUITIES)

72.     Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

73.     Pursuant to NYLL § 196-d, an employer is not permitted to "demand or accept, directly or indirectly, any part of the gratuities, received by an employee, or retain any part of a gratuity or of any charge purported to be a gratuity for an employee."

74.    Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, performed work for the benefit of Defendants, at Defendants' behest, for which they received compensation partially through tips and gratuities.  However, Defendants retained a portion of the tips and gratuities intended for the Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, and they have not been paid those tips and gratuities as Defendants have unlawfully retained those tips and gratuities, in violation of NYLL § 196-d.

75.    Defendants' violations of the NYLL have been willful and intentional.

76.    Due to Defendants' violations of the NYLL, Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to their unpaid tips and gratuities, liquidated damages, attorneys' fees, costs of this action, and interest as permitted by law.

## SEVENTH CLAIM FOR RELIEF
## (FAILURE TO PAY WAGES DUE UNDER NEW YORK LABOR LAW)

77.    Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

78.    NYLL §§ 190, 191, 198 and 663(1) require that employers pay wages to their employees in accordance with their agreed terms of employment.

79.    Defendants failed to compensate Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action at their regular rate of pay for certain hours that they worked in accordance with their agreed terms of employment.

80.    Defendants' violations of the NYLL have been willful and intentional.

81.     Due to Defendants' violations of the NYLL, Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action are entitled to recover for all hours worked for Defendants but for which Defendants did not provide compensation at their regular rates of pay.

82.     Due to Defendants' violations of the NYLL, Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action are also entitled to liquidated damages, attorneys' fees, costs, and interest for Defendants' failure to pay wages in accordance with their agreed terms of employment.

### EIGHTH CLAIM FOR RELIEF
### (VIOLATION OF NEW YORK LABOR LAW § 191)

83.     Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

84.     Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, were manual workers as defined by the NYLL.

85.     Defendants were required to pay the Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, their compensation on a weekly basis, and not later than seven calendar days after the end of the week in which the wages were earned.

86.     Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, performed work for the benefit of Defendants, at Defendants' behest, for which they received compensation partially through tips and gratuities and compensation through an hourly rate of pay.  However, Defendants retained a portion of those tips and gratuities intended for the Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action and they have not been paid those tips and gratuities, and additionally failed to pay Plaintiff, Class

Members, and any FLSA Collective Action Plaintiff who opts-into this action for all hours worked, instead paying them for only their first ten hours of work performed each workday, thereby withholding wages due and owing to the Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action.

87.     Thus, Defendants failed to pay Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, certain wages earned, in the form of tips and gratuities and other hourly wages earned, on a weekly basis, and not later than seven calendar days after the end of the week in which the wages were earned, as Defendants did not remit these funds to the Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, in violation of NYLL § 191.

88.     Defendants' violations of the NYLL have been willful and intentional.

89.     Due to Defendants' violations of the NYLL, Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to statutory damages equal to the total amount of the delayed wages, attorneys' fees, costs of this action, and interest as permitted by law.

**NINTH CLAIM FOR RELIEF**
**(UNJUST ENRICHMENT)**

90.     Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

91.     Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action performed work for the benefit of Defendants, at Defendants' behest, for which they received compensation through partially tips and gratuities and compensation through an hourly rate of pay.  However, Defendants retained a portion of those tips and gratuities intended for the

Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action and additionally failed to pay Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action for all hours worked, instead paying them for only their first ten hours of work performed each workday, thereby withholding wages due and owing to them

92.    Due to Defendants' conduct in violation of New York common law, Defendants were enriched at the expense of Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action and it is against equity and good conscience to permit Defendants to retain what is sought to be recovered.

## TENTH CLAIM FOR RELIEF
### (VIOLATION OF NEW YORK LABOR LAW § 195(1))

93.    Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

94.    Defendants failed to provide Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, with a written notice upon hire regarding, *inter alia*, their rate of pay, the basis of their rate of pay, the employee's regular pay day, the name, address and telephone number of the employer, and other information required by NYLL § 195(1).

95.    Due to Defendants' failure to provide Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, with the notice required by NYLL § 195(1), Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to statutory damages, attorneys' fees and costs of this action.

## ELEVENTH CLAIM FOR RELIEF
## (VIOLATION OF NEW YORK LABOR LAW § 195(3))

96.    Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

97.    Defendants failed to provide Plaintiff, Class Members and any FLSA Collective Action Plaintiff, with accurate statements of their wages earned, including, *inter alia*, their correct regular and overtime rates of pay, number of regular and overtime hours worked, spread of hours compensation, or correct gross pay, amount of tips received, deductions, and net pay, and which also did not include Defendants' complete address, for each pay period as required by NYLL § 195(3).

98.    Due to Defendants' failure to provide Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, with accurate wage statements as required by New York Labor Law § 195(3), Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to statutory damages, attorneys' fees and costs of this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Class Members and FLSA Collective Action Plaintiffs pray for the following relief:

i.    Issuing an order restraining Defendants from any retaliation against Plaintiff, Class Members and FLSA Collective Action Plaintiffs for participation in any form in this litigation;

ii.    Issuing a declaratory judgment that the practices complained of in this Complaint are unlawful under the FLSA, 29 U.S.C. § 201 *et seq.* and supporting regulations

and the NYLL, Article 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

iii.    Awarding unpaid wages and an additional and equal amount as liquidated damages pursuant to the FLSA, 29 U.S.C. § 201 *et seq.* and the supporting United States Department of Labor regulations;

iv.    Awarding unpaid wages, including overtime, minimum wages, unpaid wages owed at their agreed upon rates of pay, unpaid or retained tips and gratuities, and spread of hours wages, pursuant to the NYLL and the supporting New York State Department of Labor Regulations, plus an additional and equal amount as liquidated damages;

v.    Awarding damages pursuant to NYLL § 195(1), (3);

vi.    Awarding damages pursuant to NYLL § 191;

vii.    Damages relating to the unlawful violation of the New York common law with respect to unjust enrichment;

viii.    Designating this action as an FLSA collective action on behalf of the Plaintiff and FLSA Collective Action Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective Action Plaintiffs apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

ix.    Certifying this action a class action pursuant to Fed. R. Civ. P. 23;

x.    Awarding pre- and post-judgment interest as permitted by law;

xi.    Awarding attorneys' fees incurred in prosecuting this action;

xii.  Awarding all costs incurred in prosecuting this action; and

xiii.  Such other and further relief as this Court deems just and proper.

Dated: Hauppauge, New York
   May 27, 2021

        LAW OFFICE OF PETER A. ROMERO PLLC
        *Attorneys for Plaintiff*
        490 Wheeler Road, Suite 250
        Hauppauge, New York 11788
        Tel.: (631) 257-5588

By:  _____
        DAVID D. BARNHORN, ESQ.
        PETER A. ROMERO, ESQ.